NOTE: Changes Made to this Document

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO BARAJAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S DEPARTMENT, SAN BERNARDINO COUNTY SHERIFF DEPUTY MCKENZIE, JOHN DOE 1, 2, 3, 4, 5, 6, 7, 8, 9, AND 10<br><br>　　　　　Defendants. | Case No.  CV09 08981 JAK (VBK)<br><br>**[PROPOSED]** PROTECTIVE ORDER<br><br>Judge: Hon.  John A. Kronstadt<br>Court Room:  840<br>Trial Date:  TBD |

　　　Pursuant to the Stipulation entered into by Plaintiff Armando Barajas ("Plaintiff") and Defendants The County of San Bernardino, San Bernardino Sheriff's Department, San Bernardino County Sheriff Deputy McKenzie ("Defendants"), through their respective counsel, and pursuant to Local Rule 7-1 of the United States District Court for the Central District of California,

　　　**IT IS SO ORDERED** that the following Protective Order shall govern the discovery and elicitation of information in this action:

1.     Defendants shall not seek to elicit directly from Plaintiff, any information that could reasonably be interpreted as implicating his Fifth Amendment right against self-incrimination.

2.     Specifically, the following subject matters are deemed outside the scope of permissible inquiry of Plaintiff during discovery and/or trial:

    (a)     Plaintiff's RICO indictment and subsequent trial

    (b)     Plaintiff's alleged affiliation with the Ontario Black Angels gang

    (c)     Plaintiff's alleged affiliation with the Mexican Mafia

    (d)     Any other potentially illegal activity suspected of Plaintiff or alleged against him.

3.     Defendant may seek to offer evidence of Plaintiff's communications at the time of the incident.  If Plaintiff elects to testify about his communications at the time of the incident, Plaintiff will give Defendant timely pre-trial notice of that intent and an opportunity to depose Plaintiff on that point prior to Plaintiff's testimony. "Timely" means notice sufficient to permit pre-trial discovery.

4.     If subsequent events, such as the resolution of the criminal appeal, so require, the Parties agree to reconvene on the continued applicability of this protective order, and will advise the Court of such resolution.

5.     Defendants reserve the right to offer witness testimony regarding Defendants' mental states or beliefs at the time of the March 3, 2006 incident that gave rise to this action.  Plaintiff does not waive any objections during such testimony and may assert any such objections during discovery and at trial. Trial objections should, if feasible, be resolved in limine <u>before</u> trial.

6.     No restrictions imposed by this Protective Order shall be construed as a waiver of Plaintiff's right to object to discovery requests or trial testimony on any grounds, including but not limited to, the Fifth Amendment.

7.     It is understood by all parties that this agreement does not prevent

Defendants from offering evidence they possess regarding the alleged gang or mob affiliations of Plaintiff that existed prior to the incident, and which may be considered as a part of the circumstances surrounding the actions of Defendants on the date of loss.

RE ¶ 2: The scope of trial testimony and evidence is governed by the trial judge. Prior to seeking to introduce any evidence in any manner which comes within ¶ 2 of this Protective Order, Defendants will timely file (or, if allowed by the trial court, orally make) an in limine motion.

Dated:  __February 14, 2014___            _____/s/_____
                                          The Honorable Victor B. Kenton
                                          United States District Court Judge