Tristan G. Pelayes, Esq., CA Bar No. 206696
Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Telephone:  (951) 686-4800
Fax:              (951) 686-4801

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO SHERIFF'S
DEPARTMENT and DEPUTY McKENZIE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO BARAJAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>Defendants. | CASE NO.:<br>CV 09-08981 JAK (VBKx)<br><br>[~~PROPOSED~~] AMENDED PROTECTIVE ORDER<br><br>*Honorable John A. Kronstadt* |

For good cause shown as presented in defendants' ex parte application to amend the protective order…

**IT IS ORDERED** that the following Protective Order shall govern the depositions of Sheriff Personnel in this action:

1. The depositions of any Sheriff Personnel will be taken in the City of San Bernardino either at the **Law Offices of Wagner & Pelayes**, or the Sheriff's Department, to be determined following receipt of the deposition notice by **Wagner & Pelayes**.

2. With respect to Sheriff Personnel, **no Depositions of current or former employees, other than that of defendant Deputy Colin McKenzie, shall be videotaped.**

3. Any such video recording subject to this Protective Order shall be taken by the personal appearance of a videographer and shall not be "live streamed" or taken by any other mechanism other than a live recording taken by video in real time during the deposition.

4. The videotaped recordings of the **deputy** subject to this protective order will be deposited with Plaintiff's counsel following the completion of the deposition testimony and shall be marked as "Confidential Material."

5. Plaintiff Armando Barajas agrees that he will not view the video recordings of San Bernardino Sheriff Personnel, but is not limited in any way in his review of the written deposition transcripts.

6. Other than the Court (including court reporters, stenographic reporters and videographers, and court personnel), the "Confidential Material" (hereafter "Material") may be disclosed only to the four primary attorneys Richard W. Buckner, Natalie J. Schachner, Matthew R. Cowan, Brittany Rogers, and one paralegal, Karen Ezell, working on this matter at O'Melveny & Myers LLP, counsel for Armando Barajas. Plaintiff's legal staff, referenced above, agrees that the video will not be disclosed to Barajas or to any other person without the prior written stipulation of Defendants or authorization from the Court. **Plaintiff's counsel shall not make any copy of any portion of the videotaped deposition without providing notice to the defendants of the number made.**

7. The Material shall be used solely in connection with this litigation in the preparation and trial of this case, and not for any other purpose or litigation. To the extent material that is a subject matter of this protective order is disclosed before trial, it is subject to the terms of this protective order. To the extent Barajas's counsel seeks to use the material at trial or public hearing in this action,

it will not be subject to the terms of the protective order, but rather such use shall be determined by the trial judge.

8. At the conclusion of the trial or upon other termination of this litigation, the Confidential Material, **specifically the videotaped deposition of Deputy McKenzie (and any copies from ¶ 6) shall be personally delivered to defense counsel by plaintiff's counsel. The videotape will not be given to any third party delivery service for delivery to defendants.**

9. The foregoing is without prejudice to the right of any parties:

    (a) to apply to the Court for a further protective order relating to any confidential material, or relating to discovery in this litigation;

    (b) to apply to the Court for an order removing the "Confidential Material" designation from the videotape;

    (c) to apply to the Court for an order compelling videotaped depositions or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

Dated: JUNE 5, 2014

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE